

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-1711-13

**MELISSA ANN MERCER, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE THIRTEENTH COURT OF APPEALS
### BEE COUNTY

**JOHNSON, J., filed a concurring opinion.**

### C O N C U R R I N G   O P I N I O N

Section 15 of Article 42.12 of the Code of Criminal Procedure governs community supervision in state-jail felony cases, such as appellant's. The statute states that a judge may impose "any condition" of community supervision that the judge could impose on a defendant placed on supervision "for an offense other than a state jail felony." A court is authorized under Article 42.038(b) of the Code to require that a defendant placed on deferred adjudication for a misdemeanor serve a period of confinement in county jail as a condition of community supervision and reimburse the county for that confinement.

When considering the interplay between those two statutes, it becomes clear that the language

in those statutes is not clear and unambiguous. Therefore, it is appropriate to look at the legislative history of those statutes. Looking at that legislative history, I observe that Article 42.038 was specifically focused on defendants convicted of misdemeanor offenses and reimbursement to the counties for the costs of misdemeanants' confinements in county jails.

The Senate Research Center's Bill Analysis determined that Article 42.038 authorized a court to charge an incarcerated misdemeanant a cost for confinement in a county jail. The Legislative Budget Board's (LBB) fiscal note of the bill–S.B. 1276, which became Article 42.038–discussed the provisions for allowing a county to order a defendant "convicted of a misdemeanor to reimburse the county for costs of post-judgment confinement," which could result in additional revenues to counties. It specifically noted that four named counties had provided fiscal-impact statements for the bill and that, in those statements, the counties estimated the effect of the bill on annual net county revenues. The LBB fiscal note also pointed out that "[n]o fiscal implication to the State is anticipated." I likewise find nothing in the legislative history of Article 42.12, section 15, to indicate any contemplation of ordering state-jail-felony defendants to pay reimbursement of costs for confinement as a condition of community supervision, and the language of Article 42.038(b)–a defendant placed on deferred adjudication for a misdemeanor–excludes defendants who are placed on deferred adjudication for a felony of any degree.

Clearly, the legislature was concerned with reimbursement for the counties' costs of confining of misdemeanants who were ordered to serve jail time in county jails as a condition of community supervision. State-jail-felony defendants are confined in state, rather than county, facilities. Thus the confinement of such state-jail-felony defendants is not affected by Article 42.038.

I join the opinion of the Court.


Filed:  January 14, 2015
Publish